IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MAXIMINO SOTO, and<br>PIEDAD SOTO,<br><br>    Plaintiffs,<br><br>vs.<br><br>DCP INC.;<br>DCP, LLC;<br>DCP MIDSTREAM, LP;<br>DCP MIDSTREAM MARKETING, LP;<br>DCP MIDSTREAM MARKETING, LLC;<br>DCP MIDSTREAM PAYROLL<br>COMPANY, LLC,<br><br>    Defendants. | Case No. CIV-16-1410-M |

## ORDER

This case is scheduled for trial on the Court's August 2018 trial docket.

Before the Court is defendant DCP Midstream, LP's ("DCP") Motion for Summary Judgment, filed February 1, 2018. On March 22, 2018, plaintiffs filed their response, and on April 4, 2018, DCP filed its reply. Based upon the parties' submissions, the Court makes its determination.

I. Introduction

Plaintiff Maximino Soto ("Soto") worked for Bennett Construction, Inc. ("Bennett"). In the summer of 2014, DCP hired Bennett, as an independent contractor, to help it complete a project known as the Chitwood Loop 16-Inch project. DCP was the owner and operator of both the Finley Booster Station and the pipeline comprising the Chitwood Loop 16-Inch project. The pipeline was intended to transport unrefined natural gas from well sites to nearby gas plants, where the gas would be processed into natural gas and natural gas liquids.

On August 21, 2014, a 16-inch valve at the pipeline junction near the Finley Booster Station was damaged and needed to be replaced. The pipeline had been shut off, but gas continued to vent from the area around the valve setting that Bennett was to replace. A hot work permit was issued. Soto's supervisor brought Soto and his work crew to the site to assist with the valve removal. Soto was aware that natural gas was venting from the site, as he could both smell the gas and hear it venting, and knew that natural gas was flammable. As Bennett employees were working on the valve, a flash fire occurred, injuring Soto.

On August 18, 2016, Soto filed the instant action. DCP now moves for summary judgment in its favor as to all claims raised by plaintiffs.

II.  Summary Judgment Standard

"Summary judgment is appropriate if the record shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. The moving party is entitled to summary judgment where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party. When applying this standard, [the Court] examines the record and reasonable inferences drawn therefrom in the light most favorable to the non-moving party." *19 Solid Waste Dep't Mechs. v. City of Albuquerque*, 156 F.3d 1068, 1071-72 (10th Cir. 1998) (internal citations and quotations omitted).

"Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Furthermore, the non-movant has a burden of doing more than simply showing there is some metaphysical doubt as to the material facts. Rather, the relevant inquiry is whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law."

*Neustrom v. Union Pac. R.R. Co.*, 156 F.3d 1057, 1066 (10th Cir. 1998) (internal citations and quotations omitted).

III. Discussion

To prevail on a negligence claim, a plaintiff must establish the following three elements: "1) a duty owed by the defendant to protect the plaintiff from injury; 2) a failure to perform that duty; and 3) injuries to the plaintiff which are proximately caused by the defendant's failure to exercise the duty of care." *Smith v. City of Stillwater*, 328 P.3d 1192, 1200 (Okla. 2014).

A. Reasonably safe work environment

> [When] an owner of property engages an independent contractor to do work on his premises, he owes to the contractor's employees who enter the premises to perform the work the duty of exercising reasonable care to furnish them with a safe place to work.
>
> This duty is qualified, however, by the rule that one who engages an independent contractor to do work for him, and [w]ho does not himself undertake to interfere with or direct that work, is not obligated to protect the employees of the contractor from hazards [w]hich are incidental to or part of the very work which the independent contractor has been hired to perform.

*Hatley v. Mobil Pipe Line Co.*, 512 P.2d 182, 186 (Okla. 1973) (internal quotations and citation omitted).

DCP asserts that it did not owe a duty to Soto to provide a reasonably safe work environment. Specifically, DCP asserts that it did not interfere with or direct Bennett's work and the hazard that injured Soto was incidental to or part of the work that Bennett had been hired to perform. Soto contends that DCP had direct involvement in Bennett's work and the hazard that injured Soto was not merely an incident to or part of the work that Bennett had been hired to perform. Soto, thus, contends that DCP did owe a duty to him to provide a reasonably safe work environment.

3

Having carefully reviewed the parties' submissions, and viewing the evidence in the light most favorable to Soto and viewing all reasonable inferences in Soto's favor, the Court finds that Soto has not submitted sufficient evidence to create a genuine issue of material fact as to whether DCP interfered with or directed Bennett's work. Specifically, the Court finds that the evidence submitted does not show that DCP had direct involvement in the work being done by Bennett. There is no evidence that DCP offered any specific instructions to Bennett or its employees on how to remove the valve, as to the manner of the work to be performed, or the tools that should be used. Further, the Court finds that the evidence submitted amounts only to a general supervision of the work, and Oklahoma courts have consistently found that such general supervision is not sufficient to show direct involvement. *See Hatley v. Mobil Pipe Line Co.*, 512 P.2d 182 (finding defendant not liable where its employee did not tell plaintiff how to do his work of climbing telephone poles or tell plaintiff whether specific poles were safe to climb); *Gobble v. Chesapeake Energy Corp.*, 311 P.3d 454 (Okla. Civ. App. 2013) (holding defendant's "general supervision over the work site and its instructions regarding the movement and location of the cranes on its premises is not sufficiently related to the use and operation of the equipment and did not give rise to a duty").

Additionally, the Court finds that Soto has not submitted sufficient evidence to create a genuine issue of material fact as to whether the hazard that injured Soto was incidental to or part of the work that Bennett had been hired to perform. Specifically, the Court finds that the presence of leaking natural gas around the damaged valve and the resulting fire danger unquestionably was incidental to or part of the very work that Bennett was to perform – the removal and replacement of the damaged valve.

4

Accordingly, the Court finds that DCP did not owe a duty to Soto to provide a reasonably safe work environment, and DCP is, thus, entitled to summary judgment as to Soto's negligence claim based upon the failure to provide a reasonably safe work environment.

B.  Premises liability

An independent contractor doing work on another's premises is an invitee. *See McKinney v. Harrington*, 855 P.2d 602, 604 (Okla. 1993).

> A landowner has no duty to protect a business invitee from open and obvious dangers. However, an owner who has engaged an independent contractor to do work on his premises owes such invitee a duty to keep the premises reasonably safe for the performance of the work. This duty applies only to conditions or defects in the nature of hidden dangers, traps, snares or pitfalls that are not known or readily observed by the invitee.

*Id.* (internal citations omitted). Further, a landowner "is liable for injuries to the invitee if it can be shown that he knew or should have known of the dangerous condition or hidden defect and failed to warn the invitee." *Id.* (internal citation omitted).

DCP asserts that the danger posed by the venting natural gas was open and obvious; Soto asserts that the danger and/or the extent of the danger was not open and obvious. Having carefully reviewed the parties' submissions, and viewing the evidence in the light most favorable to Soto and viewing all reasonable inferences in Soto's favor, the Court finds that the danger posed by the venting natural gas clearly was open and obvious. Soto has specifically admitted that he was aware that natural gas was venting from the site, as he could both smell the gas and hear it venting, and that he knew that natural gas was flammable. Further, the Court finds that while Soto asserts that he was not aware of the presence of an "explosive environment," Soto has not presented any evidence that DCP, through its employee Ryan McCarthy, was aware of the presence of an "explosive environment," and, in fact, the evidence shows that Mr. McCarthy was not aware.

5

Accordingly, the Court finds that DCP is entitled to summary judgment as to Soto's premises liability claim.

### C. Negligent entrustment

> [N]egligent entrustment occurs when an individual supplies a chattel for the use of another whom the supplier knows or should know is likely to use the chattel in a way dangerous and likely to cause harm to others. Although it is the direct action of a different individual that causes the injury, the negligence of the supplier can be actionable as well.

*Pierce v. Okla. Prop. and Cas. Ins. Co.*, 901 P.2d 819, 823 (Okla. 1995).

Having carefully reviewed the parties' submissions, and viewing the evidence in the light most favorable to Soto and viewing all reasonable inferences in Soto's favor, the Court finds that Soto has presented no evidence that DCP supplied any chattel for Bennett or any of its employees to use. Specifically, the Court finds that it is undisputed that DCP did not supply any of the tools or equipment that Bennett's employees were using. Additionally, the Court finds that neither the valve nor the pipeline was supplied for Bennett's employees to use. Bennett did not use the pipeline, and Bennett was not using the valve, but was, in fact, replacing the valve.

Accordingly, the Court finds that DCP is entitled to summary judgment as to Soto's negligent entrustment claim.

### D. Negligent supervision

Under Oklahoma law, a plaintiff cannot maintain a separate claim for negligent supervision when the defendant stipulates to the vicarious liability of its employees. *See N.H. v. Presbyterian Church (U.S.A.)*, 998 P.2d 592, 600 (Okla. 1999); *Jordan v. Cates*, 935 P.2d 289, 293 (Okla. 1997). In the case at bar, DCP has stated that it will stipulate to the vicarious liability of its employees. Soto does not contend that Oklahoma law is otherwise but contends that DCP would be liable for its alleged negligent supervision of Bennett's employees. Soto, however, cites to no case law in

support of this contention. Additionally, under Oklahoma case law, it is well-recognized that an independent contractor is not an employee. Further, in *Young v. Bob Howard Auto., Inc.*, 52 P.3d 1045, 1051-52 (Okla. Civ. App. 2002), the Oklahoma Court of Civil Appeals held that an entity that hired an independent contractor could not be liable to the contractor's employees for the hiring of the independent contractor.

Accordingly, the Court finds that DCP is entitled to summary judgment as to Soto's negligent supervision claim.

### E. Loss of consortium

Plaintiff Piedad Soto, Soto's wife, has alleged a loss of consortium claim. Plaintiffs do not dispute that Mrs. Soto's loss of consortium claim is derivative/dependent on Soto's other claims. As set forth above, DCP is entitled to summary judgment as to all of Soto's claims. Accordingly, the Court finds that DCP is entitled to summary judgment as to plaintiff Piedad Soto's loss of consortium claim.

## IV. Conclusion

For the reasons set forth above, the Court GRANTS DCP's Motion for Summary Judgment [docket no. 23].

**IT IS SO ORDERED this 15th day of June, 2018.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE